**In the Matter of Robert L. CANADA, Respondent.**

**No. 82S00–1003–DI–145.**

Supreme Court of Indiana.

April 26, 2013.

*PUBLISHED JUDGMENT IN FAVOR OF RESPONDENT*

Upon review of the report of the hearing officer, the Honorable Barbara L. Brugnaux, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court concludes that the Commission has not met its burden of proving by clear and convincing evidence that Respondent engaged in professional misconduct. Accordingly, the Court enters judgment for Respondent.

**Charges:** The Commission alleges that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.5(a): Making an agreement for, charging, or collecting an unreasonable fee.

1.16(d): Failure to refund fees that have not been earned.

**Facts:** Respondent is a sole practitioner whose practice is devoted to criminal defense. On June 23, 2008, a criminal defendant ("Client") hired Respondent to represent him on a charge of Conspiracy to Commit Dealing in Methamphetamine, Class A Felony. Client made it clear to Respondent that he wished to resolve the case through a plea agreement. Client and his father signed a fee agreement entitled "Contract for Legal Services" to engage the services of Respondent. The fee agreement stated that Respondent would take the case to conclusion for a "flat fee" of $10,000, to be paid from a cash bond posted by the father. The agreement stated: "This fee is non-refundable because of the possibility of preclusion of other representation, and to guaranty priority of access. The fee is non-refundable unless there is a failure to perform the agreed legal services."

The hearing officer found that the amount of the fee was reasonable on its face in the Evansville market for someone of Respondent's skill and experience. After Respondent appeared in the case, the prosecutor offered Client a plea agreement to a class B felony. Although Client initially viewed the plea offer favorably, Client subsequently told Respondent that he was going to hire a different lawyer to see if he could get a better deal. Respondent withdrew his appearance in Client's case on August 14, 2008. Respondent estimated he had spent about 20 hours working on Client's case. Client was eventually sentenced on a class B felony pursuant to a similar plea agreement negotiated by replacement counsel. The trial court later released $10,000 of the cash bond to Respondent for his fee.

**Discussion:** This Court has addressed fee agreements in *Matter of O'Farrell,* 942 N.E.2d 799 (Ind.2011), *Matter of Kendall,* 804 N.E.2d 1152 (Ind.2004), and *Matter of Thonert,* 682 N.E.2d 522 (Ind.1997). Under the guidance provided by these opinions, we conclude that the fee Respondent charged in this case was a permissible flat fee (notwithstanding the fee agreement's one sentence mentioning possible preclusion of other representation and guaranty of priority of access, which would have been more relevant if the fee were a general retainer). Moreover, the agreement properly advised Client that a refund was possible in the event of a failure to perform the agreed legal services. *See Kendall,* 804 N.E.2d at 1160. The hearing officer found the amount of the flat fee to be reasonable. We therefore find no infirmity with the fee agreement itself.

The remaining issue is whether Respondent improperly collected and failed to refund an unearned part of the flat fee. Client was, of course, free to discharge Respondent at any time and retain a different attorney. Respondent was not permitted to keep any part of his fee that he did not earn. The only question is whether any part of Respondent's fee was unearned. According to the evidence, Client made it clear from the outset that he wished to resolve the case through a plea agreement. Respondent spent considerable time on the case and negotiated a plea agreement that Client initially viewed with favor. Client then changed his mind and hired replacement counsel to negotiate a somewhat different plea agreement. Under these circumstances, we conclude that the Commission has not proven by clear and convincing evidence that Respondent did not fully earn his flat fee. *See* Admis. Disc. R. 23(14)(i) (misconduct must be proven by clear and convincing evidence); *cf. O'Farrell*, 942 N.E.2d at 808 (record insufficient to prove that some amount of flat fee was unearned when the attorney-client relationship ended before work was completed).

The Court therefore **enters judgment for Respondent.** The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Judgment to the hearing officer and to the parties or their respective attorneys. The Clerk is further directed to post this judgment to the Court's website, and Thomson Reuters is directed to publish a copy of this judgment in the bound volumes of this Court's decisions.

All Justices concur.